IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVE MATHERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-cv-852-WHA |
| | ) | (WO) |
| | ) | |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This action is before the court on a Motion to Remand (Doc. # 11) filed by the Plaintiff, Steve Matherly, on December 20, 2013.

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Coffee County, Alabama, Enterprise Division, on November 26, 2012. The Plaintiff brings state claims for fraud (Count One), fraudulent suppression (Count Two), breach of contract (Count Three), negligence and/or wantonness (Count Four), negligent and/or wanting hiring, training, and supervision (Count Five), intentional infliction of emotional distress (Count Six), defamation (Count Seven), breach of fiduciary duties (Count Eight), and conspiracy (Count Nine).

On November 21, 2013, the Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the case to this court on the basis of diversity jurisdiction, alleging that the individual defendant Sue Matherly, a resident of the State of Alabama, had been fraudulently joined as a

defendant to defeat this court's jurisdiction.[1]  Wells Fargo also alleged that the amount-in-controversy requirement is satisfied as evidenced by the Complaint, a settlement demand, and the Plaintiff's Answers and Responses to a Request for Interrogatories.[2]

For reasons to be discussed, the Motion to Remand is due to be **GRANTED**.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  FACTS

The Complaint alleges the following facts:

In conjunction with divorce proceedings between Plaintiff Steve Matherly and individual Defendant Sue Matherly, Sue Matherly's attorney issued a subpoena to Wells Fargo on October 28, 2011 requesting "all 'financial statements'" filed by Steve Matherly with Wells Fargo

---

[1] Wells Fargo removed the action to this court without Sue Matherly's "consent or permission." (Doc. # 13)

[2] Wells Fargo alleges timeliness of the removal based on the Notice of Removal being filed within 30 days after it received a copy of papers from which it first ascertained that the case was removable pursuant to 28 U.S.C. § 1446(b)(3). The Plaintiff does not challenge this. Since this is not jurisdictional and has not been made an issue by the Plaintiff, the court will not address it. *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect.").

between January of 2001 and 2011. (Doc. # 1-1 ¶ 10). Wells Fargo responded to the subpoena with the specifically requested documents between October 28, 2011 and November 8, 2011, and Steve Matherly did not object to Wells Fargo's initial production. (*Id.* ¶ 11). However, on November 15, 2011, without Steve Matherly or his counsel's knowledge or consent, Defendants Sue Matherly and Wells Fargo conspired for Wells Fargo to produce additional financial documents not requested and that were outside of the scope of the initial subpoena. (*Id.* ¶ 12). They were turned over without a subpoena, court order, or notice to the Plaintiff. (*Id.* ¶ 13). Plaintiff did not know about the additional documents containing confidential information being given; instead, he only discovered that the documents had been produced when Sue Matherly and her new counsel attempted to introduce the documents into evidence during a divorce proceeding on June 7, 2012. (*Id.* ¶ 14). As a result of the additional production, Steve Matherly "has been hauled into domestic relations court for a fourth time" as Sue Matherly "continues to seek alimony . . . based in part . . . on the wrongfully obtained banking information from Wells Fargo." (*Id.* ¶ 15).

## IV.  **DISCUSSION**

"Except as otherwise expressly provided by Act of Congress," a defendant may remove from state court any civil case that could have originally been brought in federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, Plaintiff Steve Matherly is a citizen of Alabama. Defendant Wells Fargo is a South Dakota Corporation with its principal place of business in South Dakota. Defendant Sue

Matherly is a citizen of Alabama. Thus, on the face of the pleadings, the parties in this case are not completely diverse, and removal would normally be precluded.

However, if joinder of the non-diverse party is "fraudulent," then removal may still be appropriate. *Id.* "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (alteration in original) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In a third situation, joinder may also be fraudulent "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. The defendant has a heavy burden, and "[t]o determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. But, if the defendant is found to have been fraudulently joined, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

In this case, Wells Fargo relies on the first method of establishing fraudulent joinder, namely that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell*, 663 F.3d at 1332.

The Plaintiff brings claims against Sue Matherly for fraud (Count One), suppression (Count Two), intentional infliction of emotional distress (Count Six), defamation (Count Seven), and conspiracy (Count Nine). Wells Fargo argues that there are no allegations of specific tortious actions by Sue Matherly, and, to the extent that any actions are alleged, Sue Matherly's conduct is protected by the litigation privilege. Finally, Wells Fargo cites to the deposition of Sue Matherly's divorce attorney for the proposition that there is no possible cause of action for conspiracy.

The Defendant Wells Fargo has not met its burden of showing by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Id.* First, Wells Fargo argues that the Complaint does not allege any specific tortious actions by Sue Matherly. Specifically, Wells Fargo points to a Northern District of Alabama case in which that court "examined when a complaint fails to satisfy pleading standards giving rise to fraudulent joinder such as Plaintiff's Complaint." (Doc. # 1 ¶ 23). In the cited case, the Court decided to allow jurisdictional discovery and defer ruling on the Plaintiff's motion to remand for several causes of action, including fraud, in part because the Complaint was "obviously an inadequately inedited version of a document submitted in other actions," *Hatcher v. Am. Gen. Life & Accident Ins. Co.*, Civ. Action No. 00-PWG-2609-E, at 2 n.2 (N.D. Ala. Oct. 18, 2000), that "fail[ed] to reveal *any* allegation of *any* specific act on the part of *any* identified individual defendant involving the plaintiff," *id.* at 13 (emphasis added). Thus, the Complaint in that case failed to satisfy both Federal Rules of Civil Procedure 8 and 11, particularly because

"Rule 11 obligate[s] plaintiff to identify the basis upon which she ma[de] her allegations against the named defendants." *Id.* at 13 n.6. This case, however, is distinguishable. The Plaintiff did not altogether omit any allegation of any specific act by Sue Matherly. Instead, the Plaintiff explicitly mentions Sue Matherly in several paragraphs of the Complaint, most notably where the Plaintiff alleges that the two Defendants conspired to produce confidential financial documents of the Plaintiff without his knowledge or consent and without subpoena and that "Sue E. Matherly and her new legal counsel tried to introduce the illegally obtained information into evidence in support of extracting alimony payments from the Plaintiff." (Doc. # 1-1 ¶ 14). Thus, the Complaint in this case contains some allegations against the individual Defendant and is therefore distinguishable from the Complaint in *Hatcher*. Therefore, Wells Fargo's first argument fails.

Second, Wells Fargo argues that, to the extent the Complaint contains any specific allegations of Sue Matherly's conduct, those actions are protected by the litigation privilege. However, Wells Fargo's cited cases only identify a litigation privilege for "[p]ertinent *statements* made in the course of judicial proceedings." *Drees v. Turner*, 45 So. 3d 350, 358 (Ala. Civ. App. 2010) (emphasis added). What is not clear is whether the privilege applies to actions undertaken by parties in the course of litigation. *See O'Barr v. Feist*, 296 So. 2d 152, 156 (Ala. 1974) (discussing the litigation privilege in the context of "absolutely privileged *communications*" (emphasis added)). Thus, in this case, while statements pertinent to the parties' divorce proceedings cannot be the basis for civil liability, Wells Fargo has not shown how any of the parties' alleged conduct similarly cannot be the basis for civil liability. *See Crowe*, 113 F.3d at 1538 (stating that the court "must resolve any uncertainties about state substantive law in favor

of the plaintiff" when evaluating a motion to remand). Because Wells Fargo bears the burden in removing to this court, the court finds that this argument fails as well.

Finally, Wells Fargo fails to meet its burden of showing that there is no possibility that the Plaintiff could establish a cause of action for conspiracy. Wells Fargo argues that, in addition to its first contention that no tortious acts were alleged and that civil conspiracy cannot exist without underlying tortious conduct, there is no reasonable possibility that Sue Matherly conspired with Wells Fargo because the attorney's

> deposition demonstrates that Sue Matherly had no involvement in the preparation of the Subpoena to Wells Fargo, that neither Baxley nor Sue Matherly had any conversations with Wells Fargo about what documents were to be produced in response to the Subpoena, and that Sue Matherly had no documents from Wells Fargo other than what was produced to Baxley and placed in her file.

(Doc. # 1 at 13–14). However, such statements in the attorney's deposition by themselves do not remove any possibility that Sue Matherly acted outside of her attorney's knowledge. In fact, when asked whether he knew "if Sue Matherly has any other documents from Wells Fargo other than the ones that were produced by Wells Fargo to [the attorney] in response to the subpoena," the attorney responded "I have no idea." (Doc. # 1-17 at 40). Thus, Wells Fargo has failed to present clear and convincing evidence to show that there is no possibility of the Plaintiff being able to establish a cause of action for conspiracy, and as a result Wells Fargo has failed to meet its burden.

Because Wells Fargo had the burden of showing by clear and convincing evidence that there is no possibility that a state court could find that the Plaintiff stated a cause of action, this

court finds that Wells Fargo has not satisfied its heavy burden and that the case is due to be remanded.[3]

### IV. **CONCLUSION**

For the reasons stated above,

It is hereby ORDERED as follows:

1. The Motion to Remand is GRANTED.

2. This case is remanded to the Circuit Court of Coffee County, Alabama, Enterprise Division, and the Clerk is DIRECTED to take appropriate action to effect the remand.

3. The Defendants' pending Motions to Dismiss (Doc. # 1-2, 1-3) are left for disposition by the state court.

DONE this 30th day of January, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Because the court finds that Wells Fargo has not met its burden in showing that there is no possibility that the Plaintiff could establish a cause of action against Sue Matherly, the court does not need to address Wells Fargo's arguments concerning the amount-in-controversy requirement.